# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMISSION | : : : : | |
| Plaintiff, | : : | Civil No. 2:16-cv-4291 |
| vs. | : : : | Jury Trial Demanded |
| JOHN T. PLACE, PAUL G. KIRK, JOHN P. KIRK, GLOBAL TRANSITION SOLUTIONS, INC., and GLOBAL TRANSITION SOLUTIONS, LLC, | : : : : : : : | |
| Defendants. | : : | |

## ANSWER OF DEFENDANTS PAUL G. KIRK AND JOHN P. KIRK TO THE COMPLAINT

## GENERAL AND SPECIFIC RESPONSES

Defendants Paul G. Kirk and John P. Kirk (the "Defendants") by their undersigned attorneys, for their Answer, Defenses, and Affirmative Defenses to the complaint (the "Complaint"), upon personal knowledge and/or upon information and belief, state as follows:

1. Deny the allegations in Paragraph 1.

2. Deny the allegations in Paragraph 2.

3. Deny the allegations in Paragraph 3.

4. Deny the allegations in Paragraph 4.

5. Deny the allegations in Paragraph 5.

6. Deny the allegations in Paragraph 6.

7. Deny the allegations in Paragraph 7.

8. The allegations in Paragraph 8 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9. Admit that the Securities and Exchange Commission ("SEC") purports to bring this action pursuant to *21(d) of the Exchange Act [15 U.S.C. § 78u(d)]*. Deny that there are any transactions or events that constitute a basis to enjoin such transactions, acts, practices, and courses of business, or to obtain discouragement, prejudgment interest, civil money penalties, or any other relief.

10. Admit the allegations in Paragraph 10.

11. Admit the allegations in Paragraph 11.

12. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, which are, therefore, denied.

13. Admit the allegations in Paragraph 13.

14. Admit the allegations in Paragraph 14.

15. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, which are, therefore, denied.

16. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, which are, therefore, denied.

17. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, which are, therefore, denied.

18. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, which are, therefore, denied.

19. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, which are, therefore, denied.

20. The allegations in Paragraph 20 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, which are, therefore, denied.

22. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, which are, therefore, denied.

23. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, which are, therefore, denied.

24. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, which are, therefore, denied.

25. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, which are, therefore, denied.

26. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, which are, therefore, denied.

27. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, which are, therefore, denied.

28. Deny the allegations in Paragraph 28.

29. Deny the allegations in Paragraph 29.

30. Deny the allegations in Paragraph 30.

31. Deny the allegations in Paragraph 31.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34.

35. Deny the allegations in Paragraph 35.

36. Deny the allegations in Paragraph 36. Further, the "Commission Sharing Agreement" referenced in Paragraph 47 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

37. Paragraph 37 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38. Paragraph 38 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39. Deny the allegations in Paragraph 39 related to Defendant John Kirk. Further, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, which are, therefore, denied.

40. Deny the allegations in Paragraph 40. Further, the writings referenced in Paragraph 40 are documents which speaks for themselves and any characterization thereof by Plaintiff is denied.

41. Deny the allegations in Paragraph 41.

42. Deny the allegations in Paragraph 42.

43. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43, which are, therefore, denied.

44. Deny the allegations in Paragraph 44.

45. Deny the allegations in Paragraph 45.

46. Deny the allegations in Paragraph 46.

47. Deny the allegations in Paragraph 47. Further, the "Brokerage Consulting Agreement" referenced in Paragraph 47 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

48. Deny the allegations in Paragraph 48. Further, the contract referenced in Paragraph 48 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

49. Deny the allegations in Paragraph 49.

50. Deny the allegations in Paragraph 50.

51. Admit that from time to time Defendant John Kirk sent marketing pieces to prospective customers regarding the transition services GTS provided. The remaining allegations in Paragraph 51 are denied. Further, the "GTS marketing material" referenced in Paragraph 51 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

52. Deny the allegations in Paragraph 52.

53. Deny the allegations in Paragraph 53.

54. Deny the allegations in Paragraph 54.

55. Deny the allegations in Paragraph 55.

56. Deny the allegations in Paragraph 56. Further, the "Commission Sharing Agreement for Referrals" referenced in Paragraph 56 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

57. Paragraph 57 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations Paragraph 57.

58. Paragraph 58 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Paragraph 59 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60. Further,

the "Transition Management and Brokerage Consulting Agreement" referenced by Plaintiff in Paragraph 60 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

61. Deny the allegations in Paragraph 61. Further, the "Transition Man agreement and Brokerage Consulting Agreement" referenced by Plaintiff in Paragraph 61 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

62. Paragraph 62 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Deny the allegations in Paragraph 63.

64. Deny the allegations in Paragraph 64.

65. Deny the allegations in Paragraph 65.

66. Deny the allegations in Paragraph 66.

67. Deny the allegations in Paragraph 67.

68. Paragraph 68 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, which are, therefore, denied.

70. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, which are, therefore, denied.

71. Deny the allegations in Paragraph 71.

72. Deny the allegations in Paragraph 72. Further, the "Execution Cost Management Services Agreement" referenced by Plaintiff in Paragraph 72 is a documents which speaks for itself and any characterization thereof by Plaintiff is denied.

73. Deny the allegations in Paragraph 73.

74. Paragraph 74 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Deny the allegations in Paragraph 75.

76. Deny the allegations in Paragraph 76. Further, the "Sharing Agreement" referenced by Plaintiff in Paragraph 76 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

77. Deny the allegations in Paragraph 77. Further, the contracts referenced by Plaintiff in Paragraph 77 are document which speaks themselves and any characterization thereof by Plaintiff is denied.

78. Paragraph 78 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78. Further, the agreement referenced by Plaintiff in Paragraph 78 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

79. Deny the allegations in Paragraph 79.

80. Deny the allegations in Paragraph 80.

81. Deny the allegations in Paragraph 81.

82. Deny the allegations in Paragraph 82.

83. Deny the allegations in Paragraph 83.

84. Paragraph 84 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. Deny the allegations in Paragraph 85. Further, the contract referenced by Plaintiff in Paragraph 85 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

86. Deny the allegations in Paragraph 86. Further, the contract referenced by Plaintiff in Paragraph 86 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

87. Deny the allegations in Paragraph 87. Further, the agreement referenced by Plaintiff in Paragraph 87 is a document which speaks for itself and any characterization thereof by Plaintiff is denied.

88. Paragraph 88 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Deny the allegations in Paragraph 89.

90. The allegations in Paragraph 90 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. Deny the allegations in Paragraph 91.

92. Paragraph 92 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93. Paragraph 93 is not directed at Defendants, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94. Deny the allegations in Paragraph 94.

95. Deny the allegations in Paragraph 95.

96. Deny the allegations in Paragraph 96.

## FIRST CLAIM FOR RELIEF

97. Defendants incorporate the above responses to Paragraphs 1-96 as if fully set forth herein.

98. The allegations in Paragraph 98 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99. The allegations in Paragraph 99 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99.

## SECOND CLAIM FOR RELIEF

100. Defendants incorporate the above responses to Paragraphs 1-99 as if fully set forth herein.

101. The allegations in Paragraph 101 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102. The allegations in Paragraph 102 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103. The allegations in Paragraph 103 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

### THIRD CLAIM FOR RELIEF

104. Defendants incorporate the above responses to Paragraphs 1-103 as if fully set forth herein.

105. The allegations in Paragraph 105 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106. The allegations in Paragraph 106 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107. The allegations in Paragraph 107 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108. The allegations in Paragraph 108 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 109.

## FOURTH CLAIM FOR RELIEF

110. Defendants incorporate the above responses to Paragraphs 1-109 as if fully set forth herein.

111. The allegations in Paragraph 111 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112. The allegations in Paragraph 112 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113. The allegations in Paragraph 113 state a legal conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof or persuasion where such burden properly rests with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Defendants hereby assert the following defenses to the claims asserted in the Complaint.

### First Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**Second Defense**

The Complaint fails, in whole or in part, to plead fraud with the necessary particularity required by Federal Rule of Civil Procedure 9(b).

**Third Defense**

Defendants aver that their conduct was done in good faith in conformity with the rules and regulations of the Securities and Exchange Commission.

**Fourth Defense**

This action is barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**Fifth Defense**

Plaintiff's claims are barred, in whole or in part, because neither plaintiff nor any non-party has suffered any legally cognizable injury or damage.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants alleged conduct did not operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

**Seventh Defense**

Plaintiff's claims are barred, in whole or in part, because Defendants neither owed nor breached any fiduciary duty to any customer.

### Eighth Defense

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Defendants have not violated the Exchange Act and the SEC cannot show an equitable need for injunctive relief.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, because the SEC has unreasonably delayed bringing these claims to the detriment of Defendants, and therefore these claims are barred by the doctrine of laches.

### RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend and/or supplement this answer, their defenses, affirmative defenses, and all other pleadings. Defendants assert all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

### PRAYER FOR RELIEF

Wherefore, Defendants respectfully requests that the Court enter judgment in their favor, and against Plaintiff Securities and Exchange Commission dismissing the Complaint with prejudice, with costs, disbursement of attorney's fees to Defendants, and such legal and equitable relief as the Court may deem just and proper.

Respectfully Submitted,

**LEVAN LEGAL LLC**

Date: April 7, 2017    s/Richard A. Levan_____

and

        **SPADEA & LIGNANA, LLC**

        *s/Jon-Jorge Aras*

        *Attorneys for Paul G. Kirk and John P. Kirk*

## **CERTIFICATE OF SERVICE**

I, Jon-Jorge Aras, hereby certify that on this date, I caused the foregoing Answer of Defendants Paul G. Kirk And John P. Kirk to the Complaint to be served upon all counsel of record via the Court's electronic filing service.


Dated: <u>April 7, 2017</u>                                          <u>*/s/Jon-Jorge Aras*</u>
                                                                                Jon-Jorge Aras