UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>  vs.<br><br>JOHN T. PLACE, *et al.*,<br><br>   Defendants. | Civil No. 2:16-cv-04291-MMB |

**PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S UNCONTESTED MOTION TO STRIKE DEFENDANTS PAUL KIRK AND JOHN KIRK'S AFFIRMATIVE DEFENSE OF LACHES**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, plaintiff U.S. Securities and Exchange Commission (the "Commission"), respectfully moves for an order striking Defendants Paul Kirk and John Kirk's affirmative defense of "laches." *See* Answer, ECF No. 25, at 14 (Ninth Defense). The Commission staff has discussed this motion with counsel for Defendants Paul Kirk and John Kirk, who has indicated that the defendants do not intend to oppose it.

**ARGUMENT**

Under Fed. R. Civ. P. 12(f), the Court may strike any defense that is insufficient as a matter of law. *See Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007); *U.S. Small Bus. Admin. v. Smith, Stratton, Wise, Heher, & Brennan, LLP*, No. Civ. A. 05-190, 2006 WL 237511 at *4 (E.D. Pa. Jan 31, 2006). Striking a legally insufficient defense saves time and money that would otherwise be spent litigating an inconsequential issue. *United States v. Union Gas Co.*, 743 F. Supp. 1144, 1150 (E.D. Pa. 1990). An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances. *In re Sunrise Sec. Litig.*, 818 F. Supp. 830, 840 (E.D. Pa. 1993). Additionally, an "affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *Total*

*Containment, Inc. v. Environ Prods., Inc.*, Civ. A. No. 91–7911, 1992 WL 208981 at * 1 (E.D. Pa. Aug. 19, 1992).

It is well-settled that the defense of laches is not available against a federal agency plaintiff when the government is acting, as it is here, in its sovereign capacity.  *See United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights."); *Utah Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917); ("[L]aches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest."); *United States v. St. John's Gen. Hosp.*, 875 F.2d 1064, 1071 (3d Cir. 1989) ("It is well established that the United States is not subject to the defense of laches in enforcing its rights."); *United States v. Gera*, 409 F.2d 117, 120 (3d Cir. 1969) ([T]he United States is not . . . subject to the defense of laches in enforcing its rights.").

The Commission is acting in its "sovereign capacity" when it is acting in furtherance of its public responsibilities – *e.g.*, when conducting an investigation and bringing an enforcement action against Defendants.  *See SEC v. Diversified Corp. Consulting Grp.*, 378 F.3d 1219, 1224 (11th Cir. 2004) ("When the SEC sues to enforce the securities laws, it is vindicating public rights and furthering public interests, and therefore is acting in the United States's [sic] sovereign capacity."); *SEC v. Willis*, 777 F. Supp. 1165, 1175 (S.D.NY 1991) ("[T]he SEC [acts] in the public interest by 'attempting to enforce effectively the federal securities laws under its statutory mandate.' " (quoting *SEC v. Penn Cent.*, 425 F. Supp. 593, 599 (E.D. Pa. 1976).)).  Therefore, a laches defense against the Commission is unavailable as a matter of law.  *See SEC v. Sunbelt Dev. Corp.*, No. Civ. A. 97-1387, 2006 WL 519769 at *5 (W.D. La. March 2, 2006) ("Because the SEC is not subject to this defense, we decline to further address the issue of laches."); *SEC v. Toomey*, 866 F. Supp. 719, 725 (S.D.N.Y. 1992) ("[T]he defense of laches must fail against the SEC[.]").  Consequently, the Commission

respectfully requests the Court strike the defendants' laches defense, their "Ninth Defense," as a matter of law.

## CERTIFICATION THAT MOTION IS UNCONTESTED

Pursuant to Local Rule 7.1(b), the undersigned certifies that the instant motion is uncontested. The Commission staff has, on numerous occasions, requested that the defendants voluntarily amend their answer to omit the affirmative defense, but they have declined to do so. On August 2, 2017, counsel for the defendants indicated by e-mail that the defendants did not intend to oppose the Commission's motion.

## CONCLUSION

For the reasons set forth above, the Commission respectfully requests that the defendants' affirmative defense of laches be stricken. A proposed order is filed herewith for the Court's convenience.

Dated: August 7, 2017                    Respectfully submitted,

*/s/ Stephan J. Schlegelmilch*
Stephan J. Schlegelmilch
Daniel J. Maher
U.S. SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
100 F Street, N.E.
Washington, DC 20549
Telephone: (202) 551-4935 (Schlegelmilch)
Facsimile: (202) 772-9292
E-mail: SchlegelmilchS@SEC.gov

Jennifer Chun Barry
U.S. SECURITIES AND EXCHANGE COMMISSION
DIVISION OF ENFORCEMENT
One Penn Center
1617 JFK Boulevard – Suite 520
Philadelphia, PA 19103
Telephone: (215) 597-3100 (Barry)
E-mail: BarryJ@SEC.gov

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I certify that on August 7, 2017, I caused the foregoing to be filed using the Court's CM/ECF system, which will send notification of such filing to each counsel of record. A true and accurate copy of the foregoing was also sent by regular U.S. mail, prepaid, to the following:

John T. Place
129 Kane Street, Apt. 2
Brooklyn, NY 11231

*/s/ Stephan J. Schlegelmilch*
*One of Plaintiff's Attorneys*